OPINION
Plaintiff-appellant, Ludmila Brown, appeals the decision of the Preble County Court of Common Pleas, Domestic Relations Division, finding her in contempt. We affirm.
Appellant and appellee, Charles E. Brown, were married on August 4, 1990. On January 1, 1996, appellee was arrested on a charge of gross sexual imposition, and was incarcerated until January 5, 1996. When appellee was released, he found several items missing from his office and garage, which were located on the same property as the marital residence, but which were located in a different building. Appellee changed the locks of the building as a result of the loss.
Appellant filed a complaint for divorce from appellee on January 10, 1996. On November 5, 1996, the trial court held a final hearing of divorce, and filed its Decree of Divorce on February 7, 1997. Appellant was awarded exclusive use of the marital residence until August 1997, as well as certain items of personal property. In the meantime, appellee was convicted of the gross sexual imposition charge and sentenced accordingly.
In August 1997, appellant vacated the marital residence, taking some personal property. There had been several failed attempts to arrange a transfer of personal property between appellant and appellee's attorney-in-fact. At this time, appellee remained incarcerated. Appellant failed to return the keys to the residence to appellee's attorney-in-fact. When appellee's attorney-in-fact took possession of the marital residence, he noticed that certain items of personal property were missing and that the residence and grounds were damaged.
After demands for the return of the personal property were not met, appellee filed a motion to show cause why appellant should not be held in contempt of court on September 30, 1997. Appellant filed a motion for contempt on October 10, 1997, contending that appellee had failed to return personal property which had been in the office and garage. The magistrate held hearings on these motions on November 20, 1997, December 24, 1997, and February 10, 1998.
On August 26, 1998, the magistrate filed a report and recommendation finding appellant to be in contempt of the decree of divorce and other court orders. Appellant was ordered to pay appellee $10,329, the value of certain items of personal property and repairs to the marital residence. Appellant timely filed objections to the magistrate's report. On January 29, 1999, the trial court filed an entry overruling appellant's objections and adopting the magistrate's report. Appellant appeals, raising a single assignment of error:
APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 In her sole assignment of error, appellant contends that her counsel in the court below failed to introduce certain evidence in appellant's favor. Appellant also asserts that her counsel failed to adequately cross-examine appellee or call witnesses on her behalf.
There is no constitutional right to counsel in domestic relations cases. Thus, there is no right to effective assistance of counsel in such cases. Lynch v. Lynch (Jan. 15, 1993), Fairfield App. No. 7-CA-92, unreported. We find that appellant's argument is not well-taken. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.